UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL M. FRANKS,<br><br>             Plaintiff,<br><br>       v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>             Defendant. | CASE NO. CV 04-10283-PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking reversal of the decision by Defendant Social Security Administration ("Agency") denying Supplemental Security Income ("SSI") benefits. Alternatively, he asks the Court to remand the case to the Agency for further proceedings. After reviewing the record and for the reasons discussed below, the case is REMANDED to the Agency for further proceedings.

## II.

## BACKGROUND

Plaintiff was born on May 15, 1949, and was 54 years-old at the time of the relevant administrative hearing. (Administrative Record ("AR") 142.) He has a twelfth-grade education and has also received training in cosmetology and real estate. (AR 97.) He worked primarily as a hairdresser for over 20 years and intermittently as a real estate agent. (AR 66-68, 92.) Plaintiff claims that, in 1993, his lower back pain forced him to quit his job as a hairdresser. (AR 91.) He started seeing a chiropractor shortly thereafter, but, due to a lack of money, he did not seek treatment from any medical doctors. (AR 93, 118, 143.) He first filed for SSI benefits in 1994, but was denied. (AR 143.) He did not appeal. Instead, he reentered the job market, working as a copywriter until December 2001. (AR 69-73, 88, 92, 143.)

On June 19, 2002, Plaintiff filed a second application for SSI benefits. (AR 57-60.) The Agency denied the application initially and on reconsideration. (AR 45-48, 54.) Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). (AR 43.) Prior to the hearing, at the request of the Agency, Dr. Gary Chen examined Plaintiff. He found:

> An x-ray, AP and lateral views of the lumbar spine, shows severely decreased disc space at L5-S1 level and moderately decreased disc space at L4-L5 level with questionable L5-S1 facet foramen narrowing. Additionally, a compression fracture of the T12-L1 level with grade-3 spur formation at

    the anterior edge of the vertebral level is also noted on
    this study.  However, the lumbar curvature is of relatively
    normal range.
(AR 121.)

    Dr. Chen concluded that "the x-ray reading is positive and reveals significant findings, as noted above." (AR 121.) He diagnosed Plaintiff's condition as multiple level degenerative disc disease of the lumbosacral spine. (AR 121.) He opined that Plaintiff was capable of lifting 20 pounds occasionally, 10 pounds frequently, and could not walk or stand for more than 6 hours with normal breaks. (AR 121.)

    Plaintiff's friend and neighbor, Christine Stearns, submitted a "Daily Activities Questionnaire" on his behalf. (AR 106-11.) In it, she described Plaintiff as limited in his daily activities due to his pain and unable to sleep for extended periods of time, lift items from shelves, lift moderately heavy bags, or push a vacuum cleaner. (AR 107-08.) She also noted that Plaintiff was unable to "stand or walk any distance other than short jaunts." (AR 110.)

    On November 3, 2003, the ALJ held a hearing in Plaintiff's case. (AR 16.) Plaintiff and a vocational expert testified. (AR 140-150.) Plaintiff testified that he had severe pain in his lower back, which prevented him from sitting for more than two hours, after which he had to stand or move around. (AR 145.) Plaintiff testified that to alleviate the pain he needed to lay down with his knees bent about four to five hours a day. As a result, he spent much of his time at home "relaxing or sitting around." (AR 145-46.) Plaintiff

acknowledged that he had not received any medical treatment for his condition, but explained that that was because he could not afford to pay a doctor. (AR 143.)

The vocational expert classified Plaintiff's previous jobs as either in the sedentary or light exertional range. (AR 147-48.) Relying on Dr. Chen's limitations, the expert believed that Plaintiff could work as a real estate agent or copywriter. (AR 148-49.)

One month later, the ALJ issued his decision, denying Plaintiff's SSI application. (AR 12-15.) In it, the ALJ applied the five-step sequential evaluation process under 20 C.F.R. § 404.1520(4). (*See* AR 13.) At step one, he found that Plaintiff had not worked since applying for SSI. At step two, he gave Plaintiff "the benefit of the doubt" in finding that Plaintiff suffered from an unspecified severe impairment. He concluded at step three, however, that the impairment did not meet any of the relevant listings.

Thereafter, the ALJ assessed Plaintiff's residual functional capacity. Relying on Dr. Chen's opinion of Plaintiff's limitations and the vocational expert's assessment of such limitations, the ALJ concluded that Plaintiff retained the residual functional capacity to perform light work, as he had in his previous jobs as a real estate agent and as a copywriter. Accordingly, the ALJ found, at step four, that Plaintiff was not disabled. (AR 14.)

In rejecting Plaintiff's subjective complaints of pain, the ALJ reasoned as follows:

> The claimant's allegations of symptoms simply do not support an allegation that he is incapable of performing any work activity. Significantly, his medical history and the objective medical evidence offer no basis for drawing

4

1     reasonable conclusions regarding the extent of his alleged
2     symptoms.  These factors have been taken into account in the
3     weighing of the claimant's credibility and determination of
4     his residual functional capacity.
5  (AR 13.)  The ALJ did not elaborate on Plaintiff's medical history.
6  Nor did he mention Christine Stearns's questionnaire.
7     Dissatisfied with this result, Plaintiff filed a request for
8  review with the Appeals Council.  (AR 7.)  On November 29, 2004, the
9  Appeals Council denied review.  (AR 3.)  Thereafter, Plaintiff
10 commenced this action.

## III.

## STANDARD OF REVIEW

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).)  It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ committed error but the error was harmless, reversal is not required. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

## IV.

## DISCUSSION

Plaintiff raises two issues in this appeal.  First, he faults the ALJ for failing to provide legally sufficient reasons for discrediting his testimony.  Second, he claims that the ALJ failed to provide clear and convincing reasons for rejecting the lay witness testimony of Christine Stearns.  (Joint Stip. at 4, 19.)  As explained below, the ALJ committed legal error by not providing clear and convincing reasons for rejecting Plaintiff's credibility and by completely ignoring Ms. Stearns's submission.  As a result, remand is required.

A.   <u>The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting Plaintiff's Subjective Allegations of Pain</u>

Plaintiff challenges the ALJ's finding that he was not credible. He argues that the ALJ did not set forth specific and legitimate reasons for rejecting his credibility.  The Court agrees.

The level of pain a claimant experiences depends in large part on personal idiosyncracies and, therefore, may be difficult to prove objectively.  *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.

6

1987).  As a result, objective medical evidence need not establish the severity of a claimant's pain; rather, it is sufficient for a claimant to establish, by objective means, a "medical impairment reasonably likely to be the cause of the pain."  *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)(*en banc*).  Once it is established that a claimant has a medical impairment that could cause some pain, the ALJ may only reject Plaintiff's allegations relating to the degree of pain for "clear and convincing reasons."[1]  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Though the lack of objective medical evidence corroborating the severity of a claimant's pain cannot form the *sole* basis for rejecting a claimant's credibility, it remains a relevant factor if joined by other reasons.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

   An ALJ may take into account a claimant's failure to seek medical attention in assessing credibility.  *Burch*, 400 F.3d at 681; *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1991).  A claimant may, however, explain away this failure by pointing to his lack of funds to pay for medical care.  *See Smolen*, 80 F.3d 1284.  An ALJ's failure to articulate clear and convincing reasons with sufficient particularity as to why a claimant's subjective complaints lack credibility constitutes reversible error.  *Cotton*, 799 F.2d at 1408.

   Here, the ALJ set out two reasons why he rejected Plaintiff's pain testimony: (1) Plaintiff's "medical history," and (2) the

---

[1] This assumes that the ALJ has not found that the claimant is malingering, which was not the case here.

objective medical evidence, *i.e.*, Dr. Chen's report. (AR 13.) As to the ALJ's cryptic reference to Plaintiff's medical history, the Court assumes that what he meant by that was the fact that Plaintiff had not sought treatment from medical doctors to relieve his pain. But Plaintiff told the ALJ that the reason he did not seek care was because he could not afford it. As set forth above, a claimant's lack of money to pay for medical care can justify his failure to seek medical treatment. *See Smolen*, 80 F.3d 1284. The ALJ never addressed Plaintiff's claim that he did not go to see a doctor because he could not afford to do so, therefore, the ALJ's finding that Plaintiff was not credible because he failed to seek medical treatment is rejected.

The Agency notes that Plaintiff sought emergency room care in 2001 for mild abdominal pain and suggests that the ALJ *could have* rejected Plaintiff's claim that he could not afford treatment for his back pain based on the fact that Plaintiff sought medical care for an unrelated condition. Though the ALJ *could have* used this reasoning, *see Flaten* 44 F.3d at 1464, he did not, and Agency counsel cannot now provide reasons for the ALJ's decision which are not within the four corners of that decision. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)(holding that a reviewing court must judge the propriety of an administrative agency's decision "solely by the grounds invoked by the agency" within that decision); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."). It is just as likely that this had nothing to do with the ALJ's reasoning. Because the ALJ did not offer any reason for rejecting Plaintiff's assertion that he did not seek treatment for his back because he could not afford it, the ALJ's reliance on Plaintiff's

"medical history" to conclude that Plaintiff was not credible cannot stand. *See Bunnell*, 947 F.2d at 345-46 (holding that "findings, properly supported by the record, must be sufficiently specific" so that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain").

The ALJ's other reason for rejecting Plaintiff's testimony was the objective medical evidence, presumably Dr. Chen's report. The ALJ determined that the objective medical evidence did not support the *extent* of Plaintiff's pain. The Ninth Circuit has categorically rejected this very approach. *Smolen*, 80 F.3d at 1282 ("[T]he ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.")(emphasis in original); *Bunnell*, 947 F.2d at 346-47; *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001)("The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it."). Dr. Chen's report makes clear that there is an objective basis for Plaintiff to suffer some back pain. He points out that Plaintiff's x-rays show that Plaintiff has:

> [S]everely decreased disc space at L5-S1 level and moderately decreased disc space at L4-L5 level with questionable L5-S1 facet foramen narrowing. Additionally, a compression fracture of the T12-L1 level with grade-3 spur formation at the anterior edge of the vertebral level.

(AR 121.) Because there was an objective basis for Plaintiff's claims of pain, for the ALJ to reject Plaintiff's allegations, he needed to provide specific and legitimate reasons for dong so, which he failed

9

to do.  *See Vertigan*, 260 F.3d at 1049.  As such, this justification for rejecting Plaintiff's credibility is also unsupportable.

The Agency argues that the ALJ could properly reject a claim based on medical evidence *contradicting* Plaintiff's allegations of pain, as opposed to the lack of evidence *corroborating* Plaintiff's level of pain.  (Joint Stip. at 10-11.)  The Agency cites *Johnson v. Shalala*, 60 F.3d 1428 (9th Cir. 1995), in support of this argument.  This reliance is misplaced.  In *Johnson*, the ALJ relied on a series of factors--of which contradictory medical evidence was but one part--in discrediting the claimant's testimony.  *Johnson*, 60 F.3d at 1434.  In other words, additional reasons, or "other evidence," beyond the medical evidence supported the ALJ's credibility determination there. Here, unlike in *Johnson*, the ALJ relied *solely* on Dr. Chen's medical evaluation.[2]  Moreover, drawing a distinction between contradictory and corroborating medical evidence would permit an ALJ to simply ignore a claimant's testimony without passing on credibility, effectively overlooking the idiosyncratic nature of pain.  This is in

---

[2] The Court is mindful of the fact that an Agency reviewing physician also reviewed the medical record and arrived at the same conclusion as Dr. Chen, but the only real medical evidence in the record for the reviewing physician to review was Dr. Chen's report. (AR 123-30.)

direct conflict with Ninth Circuit precedent precluding the use of medical evidence alone to overcome subjective pain testimony.³ *See*, *e.g.*, *Bunnell*, 947 F.2d at 344-45.

The Agency seeks to justify the ALJ's credibility determination by supplying post hoc rationales. (Joint Stip. at 12-14.) As set forth above, however, because these alternative reasons are not contained in the ALJ's decision, the Court will not consider them. *Connett*, 340 F.3d at 874. For the reasons outlined above, the Court finds that the ALJ did not provide legally sufficient reasons for rejecting Plaintiff's credibility and the case is remanded to the Agency for further proceedings.

B.  The ALJ Erroneously Rejected The Report Submitted By Christine Stearns

In his second ground for relief, Plaintiff faults the ALJ for failing to provide clear and convincing reasons for ignoring the Daily Activities Questionnaire submitted on Plaintiff's behalf by Christine Stearns. (Joint Stip. at 19.) The Court finds merit in this claim, too.

When presented with lay witness evidence regarding a claimant's symptoms, an ALJ must set forth specific reasons germane to the witness to reject her testimony. *Lewis v. Apfel*, 236 F.3d 503, 511

---

³ The Court notes that in *Bates v. Sullivan*, 894 F.2d 1059 (9th Cir. 1990), *overruled on other grounds*, *Bunnell*, 947 F.2d at 342, the Ninth Circuit allowed an ALJ to make a credibility determination by relying solely on medical evidence *contradicting* the plaintiff's pain testimony, which is different from relying on an absence of evidence *corroborating* the plaintiff's level of pain. *Bates*, 894 F.2d at 1063. The two concurring opinions, however, explicitly rejected such an interpretation of the role of medical evidence in credibility determinations, *id.* at 1064, and the subjective pain analysis in *Bates* is not controlling.

(9th Cir. 2001).  Testimony from a lay witness addressing "how an impairment affects [a claimant's] ability to work" may not be ignored without explanation.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ not only neglected to explain why Ms. Stearns's statements were unpersuasive or incredible, he failed to mention her submission at all in his decision or during the hearing.  Because Ms. Stearns's observations of Plaintiff in his daily activities support Plaintiff's characterization of the debilitating nature of his pain, they were material in determining Plaintiff's residual functional capacity.

The Agency offers three arguments in defense of the ALJ.  First, the Agency relies on language in *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), that seems to support the proposition that an ALJ may disregard lay witness testimony without comment.  (Joint Stip. at 21.)  However, subsequent rulings have distinguished *Vincent* on the ground that the lay witness in *Vincent* offered a medical diagnosis, which the ALJ could properly ignore.  *Nguyen v. Chater*, 100 F.3d at 1467; *Crowell v. Apfel*, 1999 WL 13710, *1 (N.D. Cal. Jan. 4, 1999).  Ms. Stearns provided descriptions of her observations of Plaintiff, not any medical diagnosis.  (AR 106.)  Therefore, *Vincent* does not apply.

Second, the Agency interprets 20 C.F.R. § 404.1513(d) as setting forth a discretionary standard whereby an ALJ may, but is not required to, take into account "other source evidence" in evaluating a claimant's limitations.  (Joint Stip. at 21-22.)  *See* 20 C.F.R. § 404.1513(d)("[W]e *may* also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to

work.")(emphasis added).  This argument, however, conflicts with the Circuit's holding in *Lewis* that an ALJ "*must* take into account" lay witness testimony.  *Lewis*, 236 F.3d at 511 (emphasis added); *Smolen*, 80 F.3d at 1285 (requiring an ALJ to fully consider all of the available evidence "that reflects on the impairment and any attendant limitations of function").  This argument also runs counter to the language in 20 C.F.R. § 416.945(a)(3), which provides: "We *will* also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons."  (emphasis added)

    The Agency's third argument is that any error was harmless.  The Agency downplays the significance of Ms. Stearns's submission by arguing that her answers were duplicative of Plaintiff's testimony.  It argues further that, based on her report of Plaintiff's daily activities, her testimony actually hurt Plaintiff's credibility.  (Joint Stip. at 22.)  First, as pointed out above, the ALJ erred in rejecting Plaintiff's subjective complaints.  The ALJ's rejection of Ms. Stearns's observations based on the fact that they were identical to Plaintiff's fails for that reason.  Second, the fact that Ms. Stearns observed Plaintiff doing laundry, reading, writing at his computer, or creating folk art (AR 108), does not necessarily mean that Plaintiff's pain is not debilitating.  *See Vertigan*, 260 F.3d at 1050 (holding that evidence of a claimant's daily activities, like grocery shopping, driving, or limited walking, does not detract from his credibility).  Moreover, if the Agency wishes to prevail on its argument that the ALJ's error was harmless, it must establish that substantial evidence independently supports the ALJ's denial of SSI

benefits.  *See Batson*, 359 F.3d at 1197 (holding that, because substantial evidence already supported the ALJ's negative credibility determination, any error in evaluating the claimant's daily activity was harmless).  In the absence of substantial evidence independently supporting a denial of benefits, the ALJ's failure to take into account Ms. Stearns's statements cannot be deemed harmless error.  *Id*.

In the end, the Court concludes that the ALJ did not articulate clear and convincing reasons why he ignored Ms. Stearns's daily activities questionnaire.  On remand, he will have to address her submission.

V.

CONCLUSION

For the foregoing reasons, this case is REMANDED to the Agency for further proceedings consistent with this opinion.

DATED:    April  14 , 2006.


                                        /s/
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\FRANKS, D 10283\Memo Opinion.wpd